947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jon Thomas CUMMINS, Defendant-Appellant.
 No. 91-1876.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Jon Thomas Cummins appeals from the district court's order denying his motion to correct an illegal sentence, which he filed pursuant to Fed.R.Civ.P. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, a jury convicted Cummins of eight counts of criminal activity surrounding the receipt and possession of an unregistered firearm and of being a felon in receipt and possession of a firearm, in violation of 26 U.S.C. §§ 5845, 5861, 5871 and 18 U.S.C. §§ 2 and 922(g). Cummins was sentenced to ten years in prison on count one, ten years on count two (to run consecutively with the sentence imposed for count one), and to other various prison terms ranging from five to ten years on the remaining eight counts, all to be served concurrently with the sentence imposed for count one. In addition, Cummins was ordered to pay special assessments totalling $400.00.
 
 
 4
 In support of his motion, Cummins alleged that the sentences imposed in counts one, two, four, seven, and nine violate the holding of Haynes v. United States, 390 U.S. 85 (1968), because the statute under which he was convicted required registration of firearms and supplying information that would incriminate him in violation of the Fifth Amendment. The district court, while acknowledging that the Supreme Court in Haynes did find certain statutes under the National Firearms Act to be unconstitutional, noted that the Act was subsequently amended and that the constitutionality of the amended statutory scheme was upheld by the Supreme Court in United States v. Freed, 401 U.S. 601, 605 (1971). Lastly, the district court held that the crimes for which Cummins was charged did not amount to multiple counts for one act, because each firearm possessed could properly be the subject of separate prosecutions, under 28 U.S.C. § 5861. United States v. Alverson, 666 F.2d 341, 346-47 (9th Cir.1982); United States v. Arrington, 618 F.2d 1119 (5th Cir.1980), cert. denied, 449 U.S. 1086 (1981).
 
 
 5
 Upon review, this court concludes that the district court properly decided this case for the reasons stated in its opinion filed July 22, 1991. Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge for the Eastern District of Kentucky, sitting by designation